a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID WILLIAMS, Petitioner | CIVIL DOCKET NO. 1:19-CV-00961-P |
| VERSUS | JUDGE DRELL |
| WARDEN CALVIN JOHNSON, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by *pro se* Petitioner David Williams ("Williams") (#70659-054). Williams is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Williams challenges the legality of his conviction.

Because Williams has not demonstrated that he is entitled to proceed under the savings clause of 28 U.S.C. § 2255, his Petition (Doc. 1) should be DISMISSED for lack of jurisdiction (Doc. 1).

I. **Background**

Williams was convicted of planning and attempting to carry out domestic terrorism offenses, including a plot to launch missiles at a military base and bomb two synagogues. See United States v. Cromitie, 727 F.3d 194 (2d Cir. 2013). Williams's conviction and sentence were affirmed on appeal. Id.

Williams filed a habeas petition under § 2255, which was denied. Williams v. United States, 09-CR-558, 2017 WL 4174927 (S.D.N.Y. Sept. 12, 2017). Williams's

appeal from the denial of his § 2255 motion is pending in the United States Court of Appeals for the Second Circuit. (No. 18-3182, 2d Cir.).

In his § 2241 Petition, Williams alleges that he is actually innocent of some of the charges against him. (Doc. 1).

II.  **Law and Analysis**

A § 2241 petition that seeks to challenge the validity of a federal sentence by attacking errors that occurred at trial or sentencing must either be dismissed or construed as a § 2255 motion. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). However, if a petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his or her detention, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the "savings clause" of § 2255. Padilla v. United States, 416 F.3d 424, 426 (5th Cir. 2005).

> The savings clause provides:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). "[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001).

In order to meet the requirements of the savings clause, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court

decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his prior § 2255 petition. See Christopher v. Miles, 342 F.3d 378, 382 (5th Cir. 2003) (citing Reyes-Requena v. United States, 243 F.3d 893, 900-01 (5th Cir. 2001)).

Williams does not allege that he meets the requirements of the savings clause. Instead, Williams claims that he is actually innocent of some of the charges against him. (Doc. 1). However, a claim of actual innocence does not provide an exception to the requirement that a petitioner must qualify under the savings clause of § 2255 to challenge his conviction and sentence in a § 2241 petition. The Fifth Circuit has consistently held that federal habeas law does not recognize a freestanding actual-innocence claim. See Matheson v. United States, 440 F. App'x 420, 421 (5th Cir. 2011); In re Swearingen, 556 F.3d 344, 348 (5th Cir. 2009); Foster v. Quarterman, 466 F.3d 359, 367 (5th Cir. 2006) (actual-innocence is not an independently cognizable federal habeas claim).

### III. Conclusion

Because there is no freestanding actual innocence claim, and Williams has not otherwise demonstrated that he is entitled to proceed under the savings clause, IT IS RECOMMENDED that his § 2241 Petition (Doc. 1) be DISMISSED for lack of

jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Williams's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); Reed v. Young, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

4

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __10th__ day of September 2019.

                                                    JOSEPH H.L. PEREZ-MONTES
                                                  UNITED STATES MAGISTRATE JUDGE